**NATIONAL POST OFFICE MAIL HANDLERS, WATCHMEN, MESSENGERS AND GROUP LEADERS DIVISION OF THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, LOCAL 311, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. CA3–89–2482–F.

United States District Court, N.D. Texas, Dallas Division.

July 25, 1990.
On Clarification of Order July 27, 1990.

Marvin Menacker, Dallas, Tex., for plaintiff.

Marvin Collins, U.S. Atty., Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant.

## ORDER

ROBERT W. PORTER, District Judge.

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment, which motion was filed on March 7, 1990. Defendant responded on May 18, 1990 with Defendant's Motion to Dismiss Or, In the Alternative, for Summary Judgment, and in Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff responded on June 8, 1990. After careful consideration of the arguments of counsel and the pertinent authorities, the Court is of the opinion that this matter should be remanded to arbitration.

## FACTS

Plaintiff, a local affiliate of a national union, seeks to enforce an arbitration award governing the rights of Lawrence E. Lilly, an employee of the United States Postal Service in Dallas, Texas. On or about June 1, 1988, Lilly was placed on indefinite suspension following his arrest for possession of cocaine. Lilly then filed a grievance pursuant to the grievance-arbitration provisions of the collective bargaining agreement in effect between the national union and the Postal Service. In March of 1989, the criminal charges against Lilly were dismissed. (Affidavit of John M. Vallie, p. 4.)

Before his suspension in June of 1988, Lilly had been placed on limited duty because of alleged on-the-job injuries. When the criminal charges were dismissed, Lilly was entitled to return to duty, but the question arose as to the extent of any physical limitations that the Postal Service should take into account when reassigning Lilly to duty. A Postal Service medical officer found Lilly to have substantial physical limitations. (Affidavit of John M. Vallie, p. 4–5.)

On May 26, 1989, the following issues were presented for resolution to Arbitrator John F. Carraway: "Did the Postal Service violate the National Agreement by placing Mr. Lilly on indefinite suspension as of June 1, 1988? What backpay and benefits is Mr. Lilly entitled to, if any?" (Affidavit of John M. Vallie, p. 5.)

Arbitrator Carraway issued a decision on June 26, 1989, finding that

1. Although the Postal Service had a right to suspend Lilly, Lilly was entitled to reinstatement because of the dismissal of the criminal charges;

2. Lilly was entitled to backpay from August 10, 1988 to the date of his reinstatement;

3. The Postal Service is entitled to offset its backpay liability by deducting Lilly's interim earnings or unemployment compensation received during the backpay period.

(Affidavit of John M. Vallie, p. 8–12.)

In violation of Section 436 of the Employee and Labor Relations Manual, Lilly has refused to provide the necessary information to the Postal Service so that his interim earnings and unemployment compensation can be calculated. (Affidavit of John M. Vallie, p. 6–7.) Labor Representative John M. Vallie explained to Lilly that the Department of Labor had closed Lilly's injury compensation file and that Lilly was therefore no longer entitled to limited duty. Vallie suggested to Lilly that because he could not perform the full duties, he should request light duty. Lilly refused to submit a request for light duty. Vallie advised Lilly that without a request for light duty, Lilly must be placed in nonduty status. Lilly was asked to complete a leave slip indicating what type of leave he desired to take. Lilly declined to complete the leave slip. Lilly was therefore placed in leave without pay status. Plaintiff has refused

defendant's offers to return to arbitration to resolve the matter of how the award should be implemented. (Affidavit of John M. Vallie, p. 7–8.)

### ANALYSIS

 An apparent disagreement exists as to how Arbitrator Carraway's award should be implemented.

Where an arbitrator's award requires clarification and interpretation, the Fifth Circuit has held that district courts may properly remand the matter to arbitration. *See e.g. San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Division*, 481 F.2d 821, 825 (5th Cir.1973). Where questions arise as to how an award should be implemented due to ambiguity in the award or intervening circumstances, judicial enforcement of the award is inappropriate and the matter should be remanded to the arbitrator for guidance. *See National Post Office Mail Handlers v. USPS*, 647 F.2d 605, 608 (5th Cir.1981). The resolution of the dispute regarding how the arbitrator's award should be implemented lies within the unique competence of the arbitrator.

### ACCORDINGLY,

Plaintiff's Motion for Summary Judgment is in all things DENIED. Defendant's Motion for Summary Judgment is in all things DENIED. This action is hereby removed from this Court's docket and REMANDED to arbitration for resolution of the issue of how the arbitrator's June 26, 1989 award should be implemented including a determination of what action, if any, is required by the Plaintiff to assist the Defendant in complying with the award.

 Because Plaintiff has failed to exhaust his administrative remedies before bringing suit in federal district court in that Plaintiff declined to return to arbitration for an interpretation of the arbitrator's decision, costs of this action shall be borne by the Plaintiff.

SO ORDERED.

### ON CLARIFICATION OF ORDER

Consistent with this Court's order in the above-styled and numbered cause entered on July 25, 1990, it is further ordered, by way of clarification, that the above-styled and numbered cause is hereby DISMISSED without prejudice at plaintiff's cost and REMANDED to arbitration; and that plaintiff's prayer for an award of attorney's fees is expressly DENIED.

IT IS SO ORDERED.